**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY RUBY, individually and on behalf of other members of the general public similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>STATE FARM GEN. INS. CO.,<br><br>　　　　Defendant. | No. C 10-02252 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND REMANDING ACTION TO SAN FRANCISCO SUPERIOR COURT** |

Plaintiffs' motion to remand is currently scheduled for hearing on August 6, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS plaintiffs' motion.

**BACKGROUND**

This case involves a potential class action claim brought by employees seeking unpaid wages and penalties. On April 7, 2010, named plaintiff Tiffany Ruby filed a complaint in San Francisco County Superior Court against defendant State Farm Mutual Automobile Insurance Company ("State Farm").[1] Plaintiff filed a First Amended Complaint ("FAC") on May 17, 2010. The FAC alleges that the class includes all current and former call center claims processors, sales agents, and customer service representatives who worked for State Farm in the State of California during the time period beginning

---

[1] Defendant was erroneously sued as "State Farm General Insurance Company."

four years prior to the filing of the complaint. FAC ¶ 16. The complaint alleges eight causes of action for violation of California labor laws, including failure to provide meal and rest breaks, failure to timely pay wages owed to employees during their employment and upon their termination, failure to provide accurate wage statements, and failure to pay employees for time worked off-the-clock. *Id.* ¶¶ 30-92.

On May 25, 2010, defendant removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Currently before the Court is plaintiffs' motion to remand the case to the San Francisco County Superior Court.

## LEGAL STANDARD

Generally, a suit filed in state court is only removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a). The federal removal statute is strictly construed, and federal courts reject jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The party seeking removal bears the burden of proving its propriety. *Id.* at 1485; *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006).

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing that jurisdiction is proper. *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## DISCUSSION

Defendant removed this action pursuant to CAFA, which provides that "district courts shall have original jurisdiction in any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of

plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).[2] CAFA also provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(6).

Plaintiffs move to remand this action to state court on the ground that defendant has failed to establish the requisite amount in controversy. The Ninth Circuit has explained that CAFA did not disturb the traditional allocation of the burden of establishing removal jurisdiction, holding "that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego*, 443 F.3d at 685. Where, as here, the complaint does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683. Under the preponderance of the evidence standard, the Court must determine whether it is more likely than not that the amount in controversy exceeds $5,000,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The court must assume the truth of the allegations in the complaint and that a jury will return a verdict for the plaintiff on all claims alleged. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). In making this determination, "the court should consider, in addition to the complaint itself, facts in the removal petition and summary judgment-type evidence relevant to the amount in controversy at the time of removal." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007) (quotation marks and citation omitted).

Plaintiffs estimate the class size to be approximately 500 people. FAC ¶ 18(a). Therefore, defendant must show that is more likely that not that plaintiffs' wage and hour claims will give rise to an average potential recovery of $10,000 per class member. In attempting to make this showing, defendant offers calculations related to several of the statutory violations alleged in the complaint. Plaintiffs make various objections to these calculations, and urge that defendant has failed to meet its burden of showing that removal was proper. The Court agrees that defendant has not met its burden of proof concerning the amount in controversy. As discussed below, defendant relies on faulty assumptions in many of its calculations of the amounts placed at issue by each of plaintiffs' claims.

---

[2] CAFA applies only to class actions containing at least 100 members. *Id.* § 1332(d)(5)(B). The parties agree that CAFA's minimal diversity and numerosity requirements are met in this case.

3

### I. Penalties for late wages

Plaintiff's Fifth Cause of Action alleges that defendant intentionally failed to pay plaintiff and the putative class members unpaid wages within seventy-two hours of their leaving defendant's employ, in violation of California Labor Code §§ 201-202. Penalties for violations of Labor Code §§ 201 and 202 are assessed pursuant to Labor Code § 203, which "mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days," after a 72-hour grace period. *Mamika v. Barca*, 80 Cal. Rptr. 2d 175, 178 (Cal. Ct. App. 1998). Defendant asserts that the amount in controversy for this claim is at least $1,233,468. Oppo. at 7. Defendant arrived at this figure by multiplying an hourly wage rate of $21.15 by eight hours by thirty days for each of the 243 class members who, according to defendant, were terminated during the class period.[3]

Had plaintiff's allegation been that the terminated employees were never paid, or that they were all paid at least thirty days late, then defendant's estimate might be supportable. However, the allegation in the complaint is simply that defendant "failed to pay Plaintiff and class members who are no longer employed by Defendants their wages . . . within seventy-two (72) hours of their leaving Defendants' employ." FAC ¶ 70. Reading this allegation on its face, there may well be some class members who would only be entitled to recover penalties for a single day, or in event for less than the thirty-day maximum. Defendant points to nothing indicating that the penalties should be assessed for the full thirty days for every employee who may assert this claim, and its attempt to inflate the amount in controversy by calculating the maximum penalty for every terminated employee is improper. *See Pereira v. Gate Gourmet, Inc.*, No. 08-07469, 2009 WL 1212802, at *2-3 (C.D. Cal. April 30, 2009) (rejecting defendant's attempt to increase amount in controversy by calculating penalties for full thirty-day period when complaint alleged that class members were paid ten days after termination, and holding that a removing defendant may not "assume[] all class members would be entitled to penalties for the

---

[3] According to a declaration submitted by Tom Corcoran, a Human Resources Business Analyst for State Farm, an analysis of State Farm's PeopleSoft HR Informational Database revealed that for the current and former employees who fit into the class description, the average wage per hour was $21.32 in 2006, $21.15 in 2007, $21.30 in 2008, $21.46 in 2009, and $22.06 in 2010. Corcoran Decl. ¶¶ 2-3. Defendant used the lowest of these hourly rates in making its calculations for the waiting time penalties claim.

4

maximum statutory period without adducing evidence to establish that this was more likely than not").

Accordingly, defendant's calculations concerning plaintiff's Fifth Cause of Action do not support its burden of establishing that removal was proper.

## II. Penalties for failing to provide class members with complete and accurate wage statements

Plaintiff's Seventh Cause of Action alleges that defendant violated California Labor Code § 226(a) by failing to provide plaintiff and the other putative class members with complete and accurate wage statements. Defendant argues that the amount in controversy for this claim is at least $1,780,000. Defendant calculated this amount for the 446 class members it has identified through searching its database, based on plaintiff's statement that she, along with the rest of the class, is seeking "the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee." FAC ¶ 85. Defendant interprets this allegation to mean that the amount in controversy equals $4,000 per putative class member – $1,780,000 total.

Defendant presumably refers to California Labor Code § 226(e), which provides "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Defendant reached the $1,780,000 figure based on the unsupported assumption that for each of the affected 446 class members, defendant's violations were willful and were repeated for at least 40 pay periods. The complaint makes no such claim, and defendant provides no facts to support such figures. This calculation therefore cannot support removal.

## III. Meal and rest period claims

Plaintiff's Second and Third Causes of Action seek premiums for missed meal and rest periods. With respect to meal periods, California law requires, among other things, that "[a]n employer may not

5

1 employ an employee for a work period of more than five hours per day without providing the employee
2 with a meal period of not less than 30 minutes, except that if the total work period per day of the
3 employee is no more than six hours, the meal period may be waived by mutual consent of both the
4 employer and employee." Cal. Lab. Code § 512(a). With respect to rest breaks, California law states
5 that an employer "shall authorize and permit all employees to take rest periods . . . . at the rate of ten
6 (10) minutes net rest time for every four (4) hours worked, or major fraction thereof." *Kirby v. Immoos*
7 *Fire Prot., Inc.*, --- Cal. Rptr. 3d. ----, 2010 WL 2910075, at *1 n.8 (Cal. Ct. App. July 27, 2010). If an
8 employer fails to provide a required break, it is liable for "one additional hour of pay at the employee's
9 regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab.
10 Code § 226.7(b).

11 Plaintiff alleges that "[d]uring the relevant time period, Plaintiff and class members who were
12 scheduled to work for a period of time in excess of six (6) hours were required to work for periods
13 longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes."
14 FAC ¶ 46. The complaint contains additional allegations with nearly identical wording for class
15 members who worked shifts of varying lengths and were allegedly not given the proper meal and/or rest
16 breaks. *Id.* ¶¶ 45, 47, 48, 57. Defendant states that "even if Plaintiff were to establish only *one* meal
17 period violation, and *one* rest period violation for each employee workweek, the amount in controversy
18 on these claims would still be $3,272,708.40." Oppo. at 9 (original emphasis). Based on the allegations
19 in the complaint, there is no basis for assuming that every employee missed a meal period and a rest
20 period every workweek during the entire class period. The allegations state only that the putative class
21 members missed some breaks, without providing any frequency. Accordingly, defendant cannot rely
22 on its calculation of more than $3 million in potential meal and rest break recovery to establish that
23 removal was proper.

24 When faulty assumptions underlying the waiting time penalty, wage statement penalty, and meal
25 and rest break premium calculations are removed from consideration, the Court is left only with
26 defendant's calculation of between $1,636,354.35 and $2,250,083.94 for plaintiff's "off the clock"
27 claims and defendant's assertion that the Court should take into account attorneys'fees and "the costs
28 of implementing inducive relief." Oppo. at 8, 10. While defendant is correct that attorneys' fees and

the costs to defendant of implementing an injunction may be considered in calculating the amount in controversy,[4] defendant has provided no basis for finding that these factors would add up to an amount sufficient to bring this case over the $5,000,000 threshold.

In sum, defendant has not met its burden of proving that it is more likely than not that the amount in controversy in this case exceeds $5,000,000. Because there is doubt as to whether the removal was proper, the Court must reject jurisdiction. *Duncan*, 76 F.3d at 1485.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand. (Docket No. 10). This action is hereby REMANDED to the San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated: August 4, 2010

SUSAN ILLSTON
United States District Judge

---

[4] *See Lowdermilk*, 479 F.3d at 1000 (attorneys' fees may be considered in calculating CAFA amount in controversy where authorized by state law); Cal. Lab. Code § 218.5 (attorneys' fees available to prevailing employee in wage and hour case); *Rodgers v. Cent. Locating Serv., Ltd.*, 412 F. Supp. 2d 1171, 1179-80 (W.D. Wash. 2006) (citing *In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001)) (cost of injunctive relief may be considered in calculating CAFA amount in controversy where plaintiff's recovery is below jurisdictional threshold).